OPINION
James Triplett, defendant-appellant, appeals from the March 2, 1999 judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of the city of Columbus ("the city"), plaintiff-appellee.
This action concerns litigation that has continued since at least 1985 regarding the River Place Community Urban Redevelopment Corporation ("River Place") and Triplett. In 1980, the Columbus City Council, pursuant to R.C. Chapter 1728, adopted a resolution that declared a portion of the city to be "blighted." This action enabled that particular property to be acquired for redevelopment by the city through its eminent domain power, and the city entered into an agreement with River Place to do the redevelopment. Triplett owned AAAA Enterprises, Inc., which owned property in the blighted area. AAAA Enterprises filed a declaratory judgment action challenging the city's authority to acquire its property by eminent domain. During the course of this litigation, AAAA Enterprises conveyed the property to Triplett.
After several appeals and remands, during which time the city filed a petition to appropriate Triplett's property, it was determined that the city had the authority to acquire Triplett's property. In October 1993, a jury determined the amount of compensation that the city owed Triplett for the loss of his property. After another appeal, the case was eventually tried before a jury for a third time in 1995, resulting in a verdict for the city. On February 23, 1995, the trial court filed a judgment entry vesting title to the city upon its payment of compensation.
Subsequently, the city filed a notice of abandonment of the appropriation in accordance with R.C. 163.21. Pursuant to that section, Triplett was entitled to fees and expenses. Several status conferences occurred; however, there was never an evidentiary hearing conducted on any other fees or expenses, although numerous hearings were set. Ultimately, as a result of a status conference on June 14, 1996, the trial court awarded Triplett expenses in the amount of $56,025.80, despite the fact that it had not taken evidence in a formal proceeding. In its June 14, 1996 judgment, the trial court stated that two of Triplett's former attorneys were entitled to attorney fees, but the trial court did not award the fees to them in the judgment. Triplett moved for a new trial. The trial court denied Triplett's motion for a new trial in a modification of judgment entry but awarded Triplett additional fees and expenses, increasing his total award to $59,175.80.
An appeal of the trial court's decision was attempted, but problems arose due to the trial court's failure to award fees to Triplett's two former attorneys. Ultimately, the claims of Triplett's two former attorneys were settled, and, on August 18, 1997, the trial court entered a final order reflecting the settlement and dismissal of the attorney fees claims. The city appealed, and Triplett cross-appealed.
In City of Columbus v. Triplett (Apr. 30, 1998), Franklin App. No 97APE09-1206, unreported (1998 Opinions 1536), this court reversed and remanded the action. We found in Triplett
that because the trial court never conducted an evidentiary hearing to determine what fees and expenses claimed by Triplett were reasonable and allowable under R.C. 163.21, the trial court's award of fees and expenses to Triplett was against the manifest weight of the evidence. Triplett appealed to the Supreme Court of Ohio, but the Court declined jurisdiction on September 23, 1998 inColumbus v. Triplett (1998), 83 Ohio St.3d 1430.
Upon remand, the trial court issued a "Jury Trial and Final Pretrial Order" on January 14, 1999, and scheduled a pretrial conference for February 10, 1999. On January 19, 1999, the trial court issued a "Corrected Notice of Pretrial and Notice of Hearing," converting the February 10, 1999 pretrial into a status conference to be held on the same date and time. However, Triplett failed to appear at the February 10, 1999 status conference. On February 11, 1999, the trial court issued a "Notice of Continued Status Conference," in which the trial court continued the status conference to March 2, 1999. Triplett again failed to appear at the March 2, 1999 status conference. Due to Triplett's failure to appear, the trial court dismissed Triplett's claims with prejudice on March 2, 1999.
On March 11, 1999, Triplett filed a request for findings of fact and conclusions of law regarding the judgment entry on March 2, 1999. On March 15, 1999, Triplett filed a "Motion to Join Runa Triplett, Guardian Ad Litem As Party" and a "Motion to Set Aside Default Judgment Under Rule 60." On March 16, 1999, Triplett filed a motion for new trial pursuant to Civ.R. 59, and a "Letter or Notice to Judge and Lawyer," in which Triplett claimed he was entitled to a hearing on his sanity pursuant to R.C.2307.15.
On March 22, 1999, the trial court issued a decision denying all of Triplett's postjudgment motions. Appellant appeals the March 2, 1999 judgment, asserting the following assignments of error:
 1. Error number One: Whether or not defendant, James Triplett, provided sufficient notice and evidence to activate — have a trial — the civil ORC 2307.15, Insanity issue on March 16, 1999?
 2. Error number Two: Whether or not defendant's motion to set aside default judgment under Rule 60 was error by the trial court?
 3. Error number Three: Whether or not the trial court erred by not allowing by motion a new party to be joined in the action, namely James Triplett [sic], Guardian at [sic] Litem, for James Triplett?
 4. Error number Four: Whether or not the trial court erred by not allowing the new defendant to perform the pretrial procedures and trial of the costs allowable and due to the original defendant, James Triplett?
 5. Error number Five: Whether or not the trial court erred by not allowing the motion for a new trial to be considered since the trier converted the costs hearing into a trial on costs.
 6. Error number Six: Whether or not the trial court erred by not making written findings of fact and law when defendant requested the procedure and the trier had converted the costs hearing into a full trial on costs?
 7. Error number Seven: Whether or not the trial court was dutied to have a [sic] evidental [sic] hearing on defendant's motion to set aside judgment?
We must first address an important procedural problem not raised by either party. After the trial court filed the March 2, 1999 judgment entry dismissing the action, appellant filed several postdismissal motions, including a motion for a new trial and a request for findings of fact and conclusions of law. The court denied the motions on March 22, 1999, pursuant to a decision; however, no judgment entry was ever filed journalizing this decision.
"An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 3(A). Normally, "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the * * * entry of the judgment." App.R. 4(A). However, the operation of App.R. 4(A) is tolled by the filing of certain motions. In a civil case, "if a party files a timely motion for * * * a new trial under Civ. R. 59(B) * * * or findings of fact and conclusions of law under Civ. R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered." App.R. 4(B)(2).
In the present case, it does not appear in the record that there was ever a judgment entry journalizing the trial court's March 22, 1999 decision denying the postdismissal motions, pursuant to Civ.R. 58(A). There is no final appealable order until the judgment entry has been filed journalizing the March 22, 1999 decision. See App.R. 4(A) and (C); see, generally, Sherrillsv. Pennington (July 20, 1999), Franklin App. No. 98AP-1022, (unreported) (Memorandum Decision); State v. Jackson (June 30, 1998), Franklin App. No. 97APA12-1660, unreported (1998 Opinions 2441, 2445); Bright Road Assocs. v. Homoelle (Mar. 19, 1996), Franklin App. No. 95APE10-1361, unreported (1996 Opinions 979, 981).
Therefore, in the absence of a dispositive judgment entry regarding the postdismissal motions, those motions are still technically pending, and the appeal time has never begun to run on the postdismissal motions or the underlying judgment of dismissal. Thus, due to the tolling provision in App.R. 4(B)(2), the notice of appeal did not invoke the jurisdiction of this court with regard to either the original judgment of dismissal or the subsequent postdismissal motions, and this appeal must be dismissed. See White v. Bozman's (Dec. 18, 1995), Hocking App. No. 95CA9, unreported (finding that even if a party has filed a notice of appeal with regard to the underlying judgment, the trial court is without jurisdiction if the trial court has failed to issue a judgment as to one of the motions enumerated in App.R. 4[B][2]). Once the proper judgment entry regarding the March 22, 1999 decision is filed in the trial court, and a proper notice of appeal is filed as to both judgments, this matter may be resubmitted to this court upon agreement of the parties on the briefs previously filed, if so desired.
Accordingly, appellant's appeal is hereby dismissed.
Cause dismissed.
BRYANT and DESHLER, JJ., concur.